# SYLLABI
# Ohio Supreme Court

## COLUMBUS BD. ED. v. CITY OF COLUMBUS.

Ohio Supreme Court.

No. 20903. Decided April 4, 1928.

801. MUNICIPALITIES—1065. Schools and School Districs—973. Public Utilities—1104. Statutes—291. Constitution Law.

1. Portion of 3963 GC. prohibiting city or village waterworks department from charging public school buildings for water, is violation of Section 4, Art. XVIII, Ohio Constitution.

2. Such portion of such statute is also in violation of Section 19, Art. I, Ohio Constitution.

3. Municipalities derive right to acquire, construct, own, lease and operate utilities from Sect. 4, Art. XVIII Ohio Constitution and legislature is without power to impose restrictions or limitations upon that right.

Error to Franklin Appeals.

Judgment affirmed.

MARSHALL, CJ.

1. That portion of Section 3963, General Code, which prohibits a city or village or the waterworks department thereof from making a charge for supplying water for the use of the public school buildings or other public buildings in such city or village, is a violation of the rights conferred upon municipalities by Section 4 of Article 18 of the Ohio Constitution, and is unconstitutional and void. (East Cleveland v. Board of Education, 112 Ohio St., 607, overruled.)

2. That portion of Section 3963, General Code, above referred to is unconstitutional and void for the further reason that it results in taking private property for public use without compensation therefor, in violation of Section 19, Article 1, of the Ohio Constitution.

3. Municipalities derive the right to acquire, construct, own, lease and operate utilities the product of which is to be supplied to the municipality or its inhabitants, from Section 4 of Article 18 of the Constitution and the legislature is without power to impose restrictions or limitations upon that right. (Euclid v. Camp Wise Assn., 102 Ohio St., 207, approved and followed.)

(Allen, Kinkade, Robinson and Matthias, JJ., concur.)

## BILES, Tee v. WEBB.

Ohio Supreme Court.

No. 20622. Decided April 4, 1928.

1271. WILLS AND LEGACIES—1197. Trusts and Trustees—460. Equity.

Testamentary trustee who is also beneficiary, cannot, by failing to pay off mortgages, defeat right of beneficiaries to their proportionate share of real estate. Equity regards that as done which ought to have been done.

Error to Hamilton Appeals.

Judgment affirmed.

ALLEN, J.

A testamentary trustee who is also a beneficiary under the testamentary trust and is charged under the will with the duty of paying off mortgages on real estate at the earliest possible date and distributing the estate to the beneficiaries cannot by failing to pay off such mortgages when there is sufficient income for such purpose and thus postponing the distribution, defeat the right of such beneficiaries to their proportionate share of such estate. In such case equity regards that as done which under the terms of the will ought to have been done.

(Marshall, CJ., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

## SCACCUTO v. STATE.

Ohio Supreme Court.

No. 20577. Decided April 4, 1928.

1265. WEIGHT OF EVIDENCE—333. Criminal Law.

In criminal prosecution, questions of fact are for jury, and judgment of guilty will not be reversed unless clearly and manifestly contrary to evidence.

Error to Columbiana Appeals.

Judgment affirmed.

KINKADE, J.

In a criminal prosecution, questions of fact are for the jury, and a judgment of guilty will not be reversed as not sustained by sufficient evidence unless the verdict and judgment are clearly and manifestly contrary to the evidence, Breese v. The State, 12 Ohio St., 146, approved and followed.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.)